Note.—See under (1) 9 C. J. p. 33, §52; p. 34, §54; p. 36, §59; p. 856, §195; 13 C. J. pp. 521, 523, §482; pp. 525, 527, §486; p. 528, §487; anno. 12 L. R. A. (N. S.) 618; 6 R. C. L. p. 701; 2 R C. L. Supp. p. 186; 6 R. C. L. Supp. p. 406. (2) 32 Cyc. p. 162: 21 R. C. L. p. 999; 6 R. C. L. Supp. p. 1297. (3) 4 C. J. p. 904, §§2872. 2873; 38 Cyc. pp. 1548, 1578. (4) 38 Cyc. p. 1574. (5) 4 C. J. pp. 908, 910, §2878; 2 R. C. L. p. 233; 1 R. C. L. Supp. p. 464; 4 R. C. L. Supp. p. 96; 5 R. C. L. Supp. p. 85. (6) 4 C. J. p. 853, §2834.

## RANDLES, Adm'x, v. GULLY.

No. 17827. Opinion Filed Dec. 20, 1927.

(Syllabus.)

**Bills and Notes—Right of Purchaser of Note Made Subject to Written Contract Referred to in Indorsement.**

The defendant sold the plaintiff a negotiable promissory note which was indorsed as follows: "This indorsement is made subject to all the conditions of the separate cont-act in writing of which this note is a part of the same transaction." Held, that the plaintiff took the note subject to the conditions of the separate written contract.

Error from District Court, Beaver County; Arthur G. Sutton, Judge.

Action by E. I. Gully against Lula Randles, administratrix of estate of W. T. Randles, deceased, and O. J. Budd. Judgment for plaintiff, and the administratrix brings error. Reversed and remanded for new trial.

R. H. Loofbourrow and Sawyer & King, for plaintiff in error.

Ross Rizley, for defendant in error.

HEFNER, J. E. I. Gully, as plaintiff, brought suit in the district court of Beaver county against O. J. Budd and Lula Randles, as administratrix of the estate of W. T. Randles, as defendants. The suit was based upon a promissory note executed by the defendant Budd in favor of W. T. Randles, who sold the note to the plaintiff. The parties will be referred to herein as they appeared in the trial court.

On October 18, 1917, the defendant O. J. Budd delivered his promissory note to W. T. Randles in the sum of $1,500, due January 1, 1919. As a part of the same transaction, the parties executed a contract for the sale by Randles to Budd of a threshing machine. A portion of the written contract is as follows:

"That the note shall be paid by 40 per cent. of the gross earnings of said machine, and any time that the machine will not make expenses he has the privilege of bringing in the machine."

On June 1, 1918, the plaintiff purchased said note, and, the written indorsement on the back of the note is as follows:

"This indorsement is made subject to all the conditions of the separate contract in writing of which this note is a part of the same transaction.

"W. T. Randles. Gully's Garage, by E. I. Gully."

The plaintiff introduced the note sued on, and it was admitted that he became the owner thereof before the final due date. The defendant offered in evidence the written contract executed at the same time the note was executed. This is all the evidence that was introduced.

On this evidence, the court rendered judgment for the plaintiff and against the defendant for the full amount shown to be due on the note. The defendant appealed to this court and contends, as a defense, that the note and contract together constitute one contract, which is nonnegotiable, and that the transfer of the note was simply an assignment of the contract.

When the plaintiff purchased the note he took it subject to all the conditions of the separate contract. This is shown by a mere reference to the contract of indorsement on the back of the note. It is. therefore, plain from the indorsement that the note and the contract must be taken together.

The note in itself was a negotiable instrument; but in the indorsement the parties by their contract expressly made the written contract and the note one and the same transaction. It must follow that the plaintiff took the note subject to the con ditions of the contract.

Under these facts, we do not think the evidence is sufficient to sustain the judgment of the trial court, and the same is, therefore, reversed and remanded for a new trial.

BRANSON, C. J., and HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 8 C. J. p. 357. §535; p. 739, $1015.